## SUPERIOR COURT OF BALTIMORE CITY.

Filed April 27, 1925.

THE MARYLAND STATE FUNERAL DIRECTORS ASSOCIATION, ET AL.,

VS.

HENRY W. MEARS, ET AL., CONSTITUTING THE STATE BOARD OF UNDERTAKERS OF MARYLAND, AND JOHN W. RITZ.

*Wm. E. Byrd* and *Vernon Cook* for plaintiff.

*Paul M. Higinbothom* and *Willis R. Jones* for defendants.

FRANK, J.—

This case was heard upon amended petition, answer thereto and testimony taken. The sole question involved is whether certain of the defendants, in good faith and fairly, exercised the discretion conferred upon them, in their capacity of members of the State Board of Undertakers of Maryland, by the Act of 1924, Ch. 575, first in granting to the remaining defendant Ritz, a license to carry on the undertaking business in Maryland and secondly, in refusing to revoke this license upon the request of the petitioners herein.

The evidence establishes conclusively that the Board considered and weighed carefully and deliberately the question of Ritz's eligibility upon both of the occasions above referred to and I am satisfied that they gave the best consideration of which they were capable to the determination of this question. It was conceded at the argument that this Court has no right to review the facts bearing upon this question as determined by the Board, but the contention was made that the Board erred in applying the law to these facts and that this error constructively amounts to such lack of *bona fides* on the part of the Board as to require this Court to review the same and by writ of mandamus require the Board to reverse its rulings.

This contention must rest upon the view that the discretion unquestionably rested in the Board by the law differs as respects questions of fact and of law. In this, I cannot concur. Granted the existence of discretionary powers (and these are not and cannot be denied in this case) involving the determination of issues both of law and fact and no real distinction can exist between its exercise in the one case or the other. I find that the Board's conclusions, whether erroneous or not, were reached after due deliberation and in complete good faith, as above stated. I think that they reached the best conclusion of which they are capable. The law commits the determination of these matters to them. If they are incompetent, the remedy is to be sought elsewhere, but not in this Court.

"When * * * the duty is one which necessarily requires the exercise of discretion and judgment, it is well settled that a *mandamus* will not lie

to control or reverse the decision of one to whom the discharge of such duty is confided. It will not be, because it is his discretion and judgment which are to be exercised, and not the discretion and judgment of the Court * * * we take it to be settled by the best considered cases, that where the duty is such as necessarily requires the examination of evidence *and the decision of questions of law and fact* * * * the decision of a public officer to whom the discharge of such duty has been confided cannot be reviewed or reversed in a *mandamus* proceeding.

Wailes vs. Smith, 76 Md. 469, 477, cited with approval and followed in Henkel vs. Millard, 97 Md. at pp. 30 and 31.

It cannot be disputed that the determination of Ritz's eligibility involved the decision of questions of law as well as of fact and for the reasons above given I shall dismiss the petition.